IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. $65,000.00 SEIZED FROM BANK OF AMERICA ACCOUNT ENDING IN 4060;

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Elizabeth Young, pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

## JURISDICTION AND VENUE

1. The United States has commenced this action pursuant to the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6), seeking forfeiture of the defendant property as property involved in or proceeds from violations of 18 U.S.C. §§ 1956 and 1957 and 21 U.S.C. § 801, *et seq*.

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355. Venue is proper, pursuant to 28 U.S.C. § 1395, because the defendant property is located and some of the acts described herein occurred in the District of Colorado.

1

## DEFENDANT PROPERTY

3. The defendant property is more fully described as: $65,000.00 seized from Bank of America account ending in 4060 ("defendant $65,000"). Defendant $65,000 was seized on August 23, 2022 from a checking account held in the name of Ruping Huang, and is currently in the custody of the United States Marshals Service.

## FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

**Background of Investigation**

5. The Drug Enforcement Administration ("DEA") conducted an investigation of Yuan Yuan Luo and co-conspirators regarding possible violations of federal drug trafficking and money laundering laws. Luo was identified as a money launderer and black-market marijuana trafficker operating out of Colorado and Oklahoma. During the period 2017 through 2019, the DEA conducted searches of properties related to the illegal cultivation and distribution of marijuana in Colorado and several individuals were arrested. As a result, many of the individuals associated with the illegal cultivation and distribution of marijuana in Colorado moved to Oklahoma to continue their illegal activities.

**Money Laundering Activity**

6. As part of the investigation, a DEA Confidential Source ("CS") provided information related to the criminal activities of Luo. On multiple occasions throughout

2021 and 2022, Luo contacted the CS with requests to provide money laundering services for drug proceeds in exchange for a fee.

7. With the assistance of DEA agents, the CS completed five of these money laundering transactions. In each case, Luo or an associate provided the CS with bulk United States currency and gave the CS instructions for generating a cashier's check or a combination of a cashier's check and bank wires to be disbursed at Luo's direction.

**May 24-25, 2021 Transaction**

8. On May 24, 2021, Luo contacted the CS to tell them that a third party would deliver a bag of $50,800 for the CS to pick up. The CS was instructed to retrieve the money and convert it into a cashier's check for $50,000, and to keep $800 as a commission. The CS was further instructed to remit the cashier's check to Ruping Huang.

9. Luo later gave the CS a phone number to call to arrange the delivery of the cashier's check to someone at 8580 East Bellewood Place in Denver, Colorado. Luo told the CS that this person would be returning to Oklahoma soon.

10. The CS called the number and arranged to deliver the cashier's check at noon on May 25, 2021.

11. On May 25, 2021, the CS delivered the cashier's check to Tongfei Wu at 8580 East Bellewood Place.

**Luo Criminal Case**

12. On October 19, 2022, Luo, among others, was charged in the Western District of Oklahoma, criminal case number CR-22-449-F, with one count of conspiracy to commit money laundering and four counts of money laundering. Specifically, the

indictment charged a conspiracy to violate money laundering laws through the laundering of funds that constituted proceeds from violations of 21 U.S.C. §§ 841(a)(1) and 846.

13. The indictment alleged that as part of the money laundering conspiracy alleged in Count One, Luo coordinated the delivery of $50,800 to "CS1" on May 24, 2021. The indictment further alleged that "CS1" was instructed to retain $800 as a commission and to use the remaining $50,000 to purchase a cashier's check for $50,000 payable to "R.H." from a Wells Fargo branch in Denver, Colorado.

14. On February 14, 2023, Luo entered into a plea agreement in which she pleaded guilty to Count One of the Indictment, charging a violation of money laundering conspiracy in violation of 18 U.S.C. § 1956(h).

15. In the plea agreement, Luo agreed that:

> from in or about April 2021, through in or about March 2022, in the Western District of Oklahoma: (1) Defendant entered into an agreement with at least one other person to violate federal money laundering laws- here, those prohibiting the conducting or attempted conducting of financial transactions affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, while knowing that such transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; (2) she knew the essential objective of the conspiracy; (3) she knowingly and voluntarily involved herself in it and (4) there was interdependence among the members of the conspiracy.

16. In the plea agreement, Luo also agreed that she "knew or believed that the laundered funds were the proceeds of and were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance, as contemplated by U.S.S.G § 2S1.1(b)(1)."

17. In short, as alleged in Count One of the indictment, to which Luo pleaded guilty, Luo coordinated the delivery of the $50,800 to the CS in Denver for the purchase of a cashier's check payable to "R.H." from a Wells Fargo branch in Denver, Colorado, which was part of a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and the funds involved were the proceeds of violations of 21 U.S.C. §§ 841(a)(1) and 846.

**Ruping Huang Bank Account Activity and Wages**

18. Bank of America account ending in 4060 was opened on July 17, 2018, in the name of Ruping Huang. She is the sole signer on the account.

19. The initial address listed on the account statements was 6928 Edgewood Court, Highlands Ranch, Colorado. The address changed to 2024 S. Main Street, Newcastle, Oklahoma, on the November/December 2020 statement.

20. From May 17, 2021 through June 28, 2022, Bank of America account ending in 4060 received deposits/credits totaling $318,760.52.

21. During this same period, deposits/credits into Bank of America account ending in 4060 of more than $10,000 totaled $221,860.00. These included several deposits of large checks in even amounts.

22. For example, on December 24, 2021, a check was deposited in the amount of $15,000; on March 7, 2022, a check was deposited in the amount of $28,500; on June 24, 2022, a check was deposited in the amount of $30,000; and on June 28, 2022, a check was deposited in the amount of $45,000.

23. The $50,000 cashier's check consisting of laundered funds that was transferred from the CS to Tongfei Wu at 8580 East Bellewood Place on May 25, 2021,

was deposited by mobile deposit into Bank of America account ending in 4060 on May 27, 2021. It was part of a $65,000 deposit that also included two consecutively numbered $5,000 checks and five consecutively numbered $1,000 blank money orders.

24. Based on my training and experience, consecutively numbered blank money orders are indicative of someone attempting to conceal or disguise the nature, the location, or the source of funds.

25. Based on my training and experience, the fact that the sequentially numbered checks and sequentially numbered money orders consisted of even dollar amounts and were deposited with the $50,000 cashier's check that itself consisted of laundered funds, indicates that it is likely that the entire $65,000 deposit consisted of funds that were laundered and/or structured to avoid reporting requirements.

26. Ruping Huang's total reported wages for both Oklahoma and Colorado (combined) by year were:

| 2018 | $8,531.11 |
| 2019 | $23,698.50 |
| 2020 | $201.73 |
| 2021 | $11,920.40 |

**Seizure of Defendant $65,000**

27. On August 3, 2021, DEA agents executed a federal seizure warrant on Bank of America account ending in 4060 and seized defendant $65,000.

28. The DEA started an administrative forfeiture process against defendant $65,000. This included sending notice to Ruping Huang.

29. On November 3, 2022, Ruping Huang filed a claim in the administrative forfeiture process asserting an interest in defendant $65,000.

30. Ruping Huang's claim stated, among other things: "This is my money that was deposited in my Bank of America account. Some of it was income, some it was borrowed from friends, and some came from various other, lawful, sources."

## CONCLUSION

31. Based on the facts and circumstances described above, the evidence shows that defendant $65,000.00 seized from Bank of America account ending in 4060 is forfeitable as proceeds traceable to or funds involved in violations of 18 U.S.C. §§ 1956 and 1957 and 21 U.S.C. § 801, *et seq.*

## VERIFICATION OF ANDREW SCOTT
## SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Andrew Scott, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

s/ _____
Andrew Scott
DEA Special Agent

## FIRST CLAIM FOR RELIEF

32. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

33. By the foregoing and other acts, defendant $65,000.00 seized from Bank of America account ending in 4060 constitutes funds that individuals conspired to utilize

7

to violate provisions of 18 US.C. §§ 1956 and 1957, in violation of 18 U.S.C. § 1956(h), and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

## SECOND CLAIM FOR RELIEF

34. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

35. By the foregoing and other acts, defendant $65,000.00 seized from Bank of America account ending in 4060 constitutes criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity that individuals knowingly attempted to utilize or did utilize in a monetary transaction in violation of 18 U.S.C. § 1957, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

## THIRD CLAIM FOR RELIEF

36. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

37. By the foregoing and other acts, defendant $65,000.00 seized from Bank of America account ending in 4060 constitutes property that represents proceeds of unlawful activity that was then involved in a financial transaction with the intent to promote the carrying on of specified unlawful activity or knowing that the transaction is designed in whole or in part to (i) conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1), and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

## FOURTH CLAIM FOR RELIEF

38. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

39. By the foregoing and other acts, defendant $65,000.00 seized from Bank of America account ending in 4060 constitutes funds furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or funds used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*, and is therefore forfeitable to the United Stated pursuant to 21 U.S.C. § 881(a)(6).

Accordingly, the United States prays for entry of a final order of forfeiture for the defendant asset in favor of the United States, that the United States be authorized to dispose of the defendant asset in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant asset and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 30th day of August 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Elizabeth Young*
Elizabeth Young
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Email: Elizabeth.Young2@usdoj.gov
*Attorney for the United States*